UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ADRIANA JAE HERRING,

Plaintiff,

v.

OCEAN COUNTY BOARD OF SOCIAL SERVICES, et al.,

Defendant.

Civil Action No. 22-05149 (RK) (RLS)

**OPINION**

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court on a Motion to Dismiss filed by Defendants Meredith Sheehan, Colleen Golin, Mario Brown II, and Maria LaFace-Farley ("Individual Defendants"). (ECF No. 9.) The Individual Defendants move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The Court has carefully considered the parties' submissions and decides the motions without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons that follow, the Individual Defendants' Motion to Dismiss is **GRANTED**.

**I.    BACKGROUND**

On August 22, 2022, Plaintiff, who is *pro se*, filed this action in federal court against the Ocean County Board of Social Services ("OCBSS"), the Ocean County Office of Senior Services, and the Individual Defendants, each of whom worked for OCBSS during the relevant time period. (*See* Compl., ECF No. 1.) Plaintiff, who also worked for OCBSS during the relevant period, brings claims under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. Chapter 126 ("ADA").

Plaintiff's complaint is very brief, and her allegations are difficult to discern. Her claims seem to stem from retaliation she allegedly suffered after reporting a hostile work environment at OCBSS. Plaintiff alleges that on October 12, 2017, when she asked her supervisor why she had to return to the office after a training while her co-worker was permitted go home, her supervisor "got up yellin[g][,] screaming, flailing her arms in [her] face and walking [her] backwards in intimidation." (*Id.* at 3.) Plaintiff claims that she subsequently reported a hostile work environment on January 19, 2018, but that OCBSS ignored her report as well as her "Doctor's reports of the hostile environment." (*Id.*) Plaintiff's Complaint seems to allege that this environment caused her to suffer mental health issues, including major depressive disorder, "generalized anxiety," post-traumatic stress disorder ("PTSD"), "agoraphobia tendencies," and major panic disorder. (*Id.* at 4.) Plaintiff claims that she was discriminated against on the basis of her mental health diagnoses, which ultimately forced her to stop working. (*Id.*) She further alleges that she was retaliated against for reporting the hostile work environment. (*Id.* at 3.) Plaintiff asks the Court to order OCBSS and its agents to "recreate their ADA reporting system [to] make requesting assistance easier for the protected class of people and all the employees." (*Id.* at 4.) Plaintiff also seeks up to $500,000 in monetary damages for "pain and suffering." (*Id.*)

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted." For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* The Court accepts the factual allegations in the complaint as true and draws all inferences in the light most favorable to the plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

As Plaintiff is proceeding *pro se*, the Court construes the allegations in the Complaint liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)). However, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quotation marks and citations omitted). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

### III. DISCUSSION

At the outset, the Court notes that Plaintiff did not file an opposition to the pending Motion to Dismiss. The Individual Defendants moved to dismiss on December 14, 2022. (ECF No. 9.) After Plaintiff failed to respond to the motion, the Honorable Zahid N. Quraishi issued an order warning Plaintiff that if she did not file an opposition by April 13, 2023, the motion would be treated as unopposed. (ECF No. 10.) After the expiration of the deadline set by Judge Quraishi, on June 2, 2023, Plaintiff filed an "opposition." (ECF No. 13.) However, Plaintiff's opposition did not substantively respond to the Individual Defendants' arguments and instead requested an extension to oppose the motion. (*Id.*) When a party fails to respond to a dispositive motion, the undefended claims may be deemed waived or abandoned. *See, e.g., Provident Bank v. Antonucci*, No. 12-CV-07133, 2014 WL 7051781, at *8 (D.N.J. Dec. 12, 2014); *Lawlor v. ESPN Scouts*, LLC, No. 2:10-CV-05886, 2011 WL 675215, at *2 (D.N.J. Feb. 16, 2011). Nonetheless, as Plaintiff is *pro se*, the Court will review the merits of Plaintiff's claims and the Individual Defendants' Motion to Dismiss.

3

### a. INDIVIDUAL LIABILITY UNDER CIVIL RIGHTS ACT

The Court will first address Plaintiff's claims under Title VII of the Civil Rights Act, which prohibits discrimination in employment based on protected traits. First, Plaintiff's Complaint does not contain any allegations that the Individual Defendants discriminated against Plaintiff based on one of the traits enumerated in Title VII: she has thus failed to state a claim under Title VII. However, even if this Court were to construe Plaintiff's Complaint as having pled Title VII claims, this Court finds that those claims would nonetheless fail because Title VII does not provide for individual liability.

Title VII prohibits an "employer" from "discriminat[ing] against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). The term "employer" as used in Title VII means "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). In considering the scope of covered employers, the Third Circuit has consistently concluded that individual supervisory employees are not subject to liability under Title VII. *Newsome v. Admin. Office of the Courts of the State of New Jersey*, 51 F. App'x 76, 79 n.1 (3d Cir. 2002) ("it is settled that Title VII does not provide for individual liability"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) ("individual employees are not liable under Title VII"); *Cardenas v. Massey*, 269 F.3d 251, 268 (3d Cir. 2001) ("claims against individual supervisors are not permitted under Title VII"); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) (en banc) ("Congress did not intend to hold individual employees liable under Title VII"); *see also Gretzula v. Camden Cnty. Tech. Sch. Bd. of Educ.*, 965 F. Supp. 2d 478, 484 (D.N.J. 2013) ("Third Circuit jurisprudence is clear that Title VII does not subject individual supervisory employees to

4

liability"). This Court therefore finds that the Individual Defendants are not proper defendants under Title VII.[1]

Moreover, because Plaintiff's former employer, OCBSS, is already named as a Defendant, Plaintiff's Title VII claims against Individual Defendants are redundant and warrant dismissal. *See Rich v. New Jersey*, No. 14-2075, 2015 WL 2226029, at *10 (D.N.J. May 12, 2015); *Gretzula*, 965 F. Supp. 2d at 486–7. Accordingly, the Individual Defendants' Motion to Dismiss is GRANTED as to Plaintiff's Title VII claims.

### b. INDIVIDUAL LIABILITY UNDER THE ADA

The Court next turns to Plaintiff's claims under the ADA, which prohibits discrimination in employment based on disability. Plaintiff alleges that the Individual Defendants, as supervisory employees of the OCBSS, violated the ADA by discriminating against her based on her mental health disabilities. (*See* Compl. at 3–4.) Plaintiff further alleges that the Individual Defendants retaliated against her when she filed a complaint. (*Id.*) As with Plaintiff's Title VII claims, the

---

[1] Although it is not clear from Plaintiff's complaint whether she attempting to sue the Individual Defendants in their individual or official capacities, the Court's conclusion is unchanged. In a case that did not involve a Title VII claim, the Third Circuit stated in dicta that a public official may be held liable under Title VII only if sued in her official capacity. *In re Montgomery Cnty.*, 215 F.3d 367, 372–73 (3d Cir. 2000). However, prior to *Montgomery County*, courts in the Third Circuit had held that there is no basis for distinguishing between official and individual capacity suits and that official capacity claims are not cognizable under Title VII. *See, e.g., Schanzer v. Rutgers Univ.*, 934 F. Supp. 669, 678 n. 12 (D.N.J. 1996); *Cardoza v. Merion Cricket Club*, No. 95-4055, 1996 WL 653397, at *5 n. 8 (E.D. Pa. May 2, 1996); *Behrens v. Rutgers Univ.*, No. 94–0358, 1996 WL 570989, at *8 n. 10 (D.N.J. Mar. 29, 1996). Moreover, the Court is aware of only one court in this district that has relied on *Montgomery County* for the proposition that official capacity suits may be cognizable under Title VII. *See Lopez v. Cnty. of Passaic*, No. 04-5789, 2007 WL 1963039, at *4 (D.N.J. June 29, 2007). Rather, since *Montgomery County*, numerous courts in the Third Circuit have nonetheless held that Title VII does not permit claims against individual supervisors even in their official capacities. *See, e.g., Rich*, 2015 WL 2226029, at *11; *Simon v. Shore Cab, LLC*, No. 13-6290, 2014 WL 2777103, at *5 (D.N.J. June 19, 2014); *Stallone v. Camden Cnty. Tech. Sch. Bd. of Educ.*, No. 12-7356, 2013 WL 5178728, at *6 (D.N.J. Sept. 13, 2013); *Gretzula*, 965 F. Supp. 2d at 486; *Galm v. Gloucestor Cnty. Coll.*, No. 06-3333, 2007 WL 2442343, at *2 (D.N.J. Aug. 22, 2007); *Mitchell v. New Jersey Lottery*, No. 04-896, 2006 WL 1344092, at *8 (D.N.J. May 15, 2006). Finding the reasoning in these cases persuasive, the Court holds that claims against supervisory employees, in either their official or individual capacities, are barred under Title VII.

Court finds that Plaintiff's claims against the Individual Defendants under the ADA fail because the ADA also does not provide for individual liability.

Title I of the ADA states that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . [the] terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).[2] A "covered entity" under the ADA includes an "employer," which is "a person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person . . . ." 42 U.S.C. § 12111(2) & (5)(A).

The general consensus among courts within the Third Circuit is that individual supervisors cannot be held liable under the ADA. *See, e.g., Phillips v. Ctr. for Vision Loss*, No. 15-563, 2017 WL 839465, at *18 (M.D. Pa. Mar. 3, 2017) ("the overwhelming majority of courts within the Third Circuit to have examined the issue have concluded that there is no individual liability under the ADA"); *Gretzula*, 965 F. Supp. 2d at 487 ("Title I of the ADA does not allow suit against individual defendants, regardless of the capacity in which the defendant is sued."). Although the Third Circuit has not squarely addressed the issue, it has noted in dicta that "there appears to be no individual liability for damages under Title I of the ADA." *Koslow v. Comm. Of Pa.*, 302 F.3d 161, 178 (3d Cir. 2002). The Third Circuit has also cited with approval "decisions of other courts of appeals holding that individuals are not liable under Titles I and II of the ADA." *Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (per curiam) (citing *Garcia v. S.U.N.Y. Health Sciences Ctr.*, 280 F.3d 98, 107 (2d Cir. 2001); *Butler v. City of Prairie Village*, 172 F.3d 736, 744

---

[2] Plaintiff does not state the title of the ADA under which she brings her claims. However, given that Plaintiff was an employee of OCBSS and she names supervisory employees of OCBSS as defendants in this action, the Court construes her claims as being brought under Title I. The other titles—which pertain to disability discrimination in the services, programs, or activities of a "public entity," disability discrimination in public accommodations, and the provision of telecommunications devices for hearing- and speech-impaired individuals—do not apply to the facts of this case. *See* 42 U.S. C. §§ 12131–12165, 12181–12189; 47 U.S.C. § 225.

(10th Cir. 1999)).[3] Given this weight of authority, the Court finds that the Individual Defendants are not "covered entities" within the meaning of Title I of the ADA and therefore may not be held individually liable for violations of same.[4]

The Court next considers whether Plaintiff can nonetheless hold the Individual Defendants liable under the ADA based on her retaliation claims. The Court concludes that she cannot. Title IV of the ADA prohibits retaliation for exercising the rights guaranteed under Title I of the ADA. It provides: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). In cases involving retaliation for the exercise of rights guaranteed under Title I of the ADA, "courts have uniformly found that individual liability is not available." *Datto v. Harrison*, 664 F. Supp. 2d 472, 488 (E.D. Pa. 2009); *see also Cottrell v. Fam. Prac. Assocs.*, No. 15-2267, 2016 WL 3029921, at *2 (D.N.J. May 26, 2016) ("individual [d]efendants cannot be held liable for retaliation under the ADA"); *Rich*, 2015 WL 2226029, at

---

[3] As with Plaintiff's Title VII claims, it is not clear from Plaintiff's Complaint whether Plaintiff's ADA claims are brought against the Individual Defendants in their official or individual capacities. However, courts in the Third Circuit have held that individual supervisors cannot be held liable under the ADA, regardless of the capacity in which they are sued. *See, e.g., Gretzula*, 965 F. Supp. 2d at 487; *Davis v. New Jersey Dep't of Corr.*, No. 10-6439, 2011 WL 5526081, at *10 (D.N.J. Nov. 14, 2011). Courts in other Circuits have reached the same conclusion. *See, e.g., Clifton v. Georgia Merit Sys.*, 478 F.Supp.2d 1356, 1362 (N.D. Ga. 2007); *Gallagher v. Town of Fairfield*, No. 10-1270, 2012 WL 370070 at *3, *3 n. 2 (D. Conn. Feb. 2, 2012).

[4] The Third Circuit has found that ADA claims for *prospective* injunctive relief against individual state officials may be cognizable under the *Ex parte Young* doctrine. *Koslow*, 302 F.3d at 179. Plaintiff, along with seeking monetary damages, asks the Court to order OCBSS and its agents to "recreate their ADA reporting system." (Compl. at 4). As such, she is attempting to seek forward-looking relief. However, in her Complaint, Plaintiff stated that she has "stop[ped] working." (*Id.*) Moreover, Defendants represent that Plaintiff was granted permanent disability retirement benefits through the New Jersey's Public Employee's Retirement System (PERS) as of October 1, 2018. (ECF No. 9 at 4.) Since Plaintiff no longer works at OCBSS, she cannot seek injunctive relief from conditions to which she is no longer subject. *Abdul-Akbar v. Watson*, 4 F.3d 195, 197, 206 (3d Cir. 1993); *see also Farmer v. Hayman*, No. 06-3084, 2007 WL 2066380, at *2 (D.N.J. July 13, 2007).

*15 (same); *P.N. v. Greco*, 282 F. Supp. 2d 221, 243 (D.N.J. 2003) (same); *Douris v. Schweiker*, 229 F. Supp. 2d 391, 397 (E.D. Pa. 2002), *aff'd sub nom. Douris v. Rendell*, 100 F. App'x 126 (3d Cir. 2004) (same). Based on the consensus of courts within the Third Circuit, Plaintiff cannot sustain her retaliation claims against the Individual Defendants.

As with Plaintiff's Title VII claim, because OCBSS is already named as a Defendant in this action, Plaintiff's ADA claims against the Individual Defendants warrant dismissal for the additional reason that they are redundant. *See Gretzula*, 965 F. Supp. 2d at 488–9; *Davis*, 2011 WL 5526081, at *10. The Court's holding is also bolstered by the tenet that the ADA should be interpreted consistently with Title VII, which, as addressed above, prohibits individual liability. *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 157 (3d Cir. 1995) ("In the context of employment discrimination, the ADA, ADEA and Title VII all serve the same purpose—to prohibit discrimination in employment. Therefore, it follows that the methods and manner of proof under one statute should inform the standards under the others as well."); *see also Gretzula*, 965 F. Supp. 2d at 488 (finding that prohibiting individual liability claims under the ADA is "appropriate because it is consistent with the Court's Title VII holding, and Title VII and the ADA should be interpreted consistently"). Accordingly, the Individual Defendants' Motion to Dismiss is GRANTED as to Plaintiff's ADA claims.

Having found that the Individual Defendants are not proper defendants under either the ADA or Title VII, the Court dismisses Plaintiff's claims against the Individual Defendants with prejudice. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile."); *Harrison Beverage Co. v. Drybek Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (an amendment is futile when it is "advances a claim or defense that is legally insufficient on its face").

IV.  **CONCLUSION**

For the foregoing reasons, the Individual Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's claims against Individual Defendants are **DISMISSED**, and Individual Defendants (Meredith Sheehan, Colleen Golin, Mario Brown II, and Maria LaFace-Farley) are **DISMISSED** from this action with prejudice. An appropriate Order will accompany this Opinion.

ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: September 25, 2023